IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | |
|---|---|
| TENNESSEE CLEAN WATER NETWORK, | ) ) ) |
| Plaintiff, | ) ) ) No. 2:14-cv-336 |
| vs. | ) ) |
| U.S. DEPARTMENT OF DEFENSE, CHUCK HAGEL, in his official capacity as Secretary of the U.S. Department of Defense, and BAE SYSTEMS ORDNANCE SYSTEMS, INC., | ) ) ) ) ) |
| Defendants. | ) |

**DEFENDANT BAE SYSTEMS ORDNANCE SYSTEMS, INC.'S ANSWER
AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT**

Defendant BAE Systems Ordnance Systems, Inc. ("BAE"), by and through its undersigned counsel, answers the Complaint of Plaintiff Tennessee Clean Water Network as follows:

**NATURE OF THE CASE**

1. BAE admits that it operates the Holston Army Ammunition Plant ("HSAAP") in Kingsport, Tennessee, but denies all other allegations of Paragraph 1.

**JURISDICTION AND VENUE**

2. BAE denies Paragraph 2.

3. BAE admits that it received a letter from Plaintiff dated September 15, 2014, designated as a notice of intent to file suit under the Clean Water Act ("CWA"). BAE lacks sufficient knowledge or information to admit or deny the remaining allegations of Paragraph 3 and, therefore, leaves Plaintiff to its proof.

4. BAE lacks sufficient knowledge or information to admit or deny the allegations of Paragraph 4 and, therefore, leaves Plaintiff to its proof.

5. BAE lacks sufficient knowledge or information to admit or deny the allegations of Paragraph 5 and, therefore, leaves Plaintiff to its proof.

6. BAE lacks sufficient knowledge or information to admit or deny the allegations of Paragraph 6 and, therefore, leaves Plaintiff to its proof.

7. If the Court has subject matter jurisdiction, BAE does not contest venue, but denies that any violations occurred in this district.

## PARTIES

8. BAE denies that it has violated or is violating the CWA and denies that any of its conduct has or could cause injury to Plaintiff, its members, or their interests. BAE lacks sufficient knowledge or information to admit or deny the remaining allegations of Paragraph 8 and, therefore, leaves Plaintiff to its proof.

9. BAE denies that it has violated or is violating the CWA and denies that any of its conduct has caused or could cause injury to Plaintiff, its members, or their interests. BAE lacks sufficient knowledge or information to admit or deny the remaining allegations of Paragraph 9 and, therefore, leaves Plaintiff to its proof.

10. BAE lacks sufficient knowledge or information to admit or deny Paragraph 10 and, therefore, leaves Plaintiff to its proof.

11. Paragraph 11 is admitted.

12. Paragraph 12 is admitted.

13. BAE admits that Defendant U.S. Department of Defense ("DOD") is an agency of the United States government, and includes the Department of the Army ("Army"), which is the owner of the HSAAP. BAE denies the remaining allegations of Paragraph 13.

14. BAE admits that DOD is a person. BAE denies all other allegations contained in Paragraph 14.

15. BAE admits that Chuck Hagel is the current Secretary of Defense; however, President Barack Obama has nominated a new Secretary of Defense, Ashton Carter, who is awaiting Senate confirmation. BAE denies that Chuck Hagel is responsible for compliance with the CWA. BAE admits that Chuck Hagel is a person.

## STATUTORY BACKGROUND

16. Paragraph 16 states a pure legal conclusion to which no response is required. To the extent any portion of Paragraph 16 does require a response, BAE lacks sufficient knowledge or information to admit or deny such allegations and, therefore, leaves Plaintiff to its proof.

17. Paragraph 17 states a pure legal conclusion to which no response is required. To the extent any portion of Paragraph 17 does require a response, BAE lacks sufficient knowledge or information to admit or deny such allegations and, therefore, leaves Plaintiff to its proof.

18. Paragraph 18 states a pure legal conclusion to which no response is required. To the extent any portion of Paragraph 18 does require a response, BAE lacks sufficient knowledge or information to admit or deny such allegations and, therefore, leaves Plaintiff to its proof.

19. Paragraph 19 states a pure legal conclusion to which no response is required. To the extent any portion of Paragraph 19 does require a response, BAE lacks sufficient knowledge or information to admit or deny such allegations and, therefore, leaves Plaintiff to its proof.

20. Paragraph 20 states a pure legal conclusion to which no response is required. To the extent any portion of Paragraph 20 does require a response, BAE lacks sufficient knowledge or information to admit or deny such allegations and, therefore, leaves Plaintiff to its proof.

## GENERAL ALLEGATIONS

21. Paragraph 21 is admitted.

22. Paragraph 22 is admitted.

23. Paragraph 23 is admitted.

24. Paragraph 24 is admitted.

25. Paragraph 25 is admitted.

26. BAE admits the first sentence of Paragraph 26. BAE denies the second sentence of Paragraph 26; BAE's NPDES Permit speaks for itself.

27. Paragraph 27 is admitted.

28. Paragraph 28 states a pure legal conclusion to which no response is required. To the extent any portion of Paragraph 28 does require a response, BAE lacks sufficient knowledge or information to admit or deny such allegations and, therefore, leaves Plaintiff to its proof.

29. Paragraph 29 is admitted.

30. The first sentence of Paragraph 30 states a pure legal conclusion to which no response is required. BAE denies the second sentence of Paragraph 30. The third sentence of Paragraph 30 states a pure legal conclusion to which no response is required.

31. BAE denies Paragraph 31.

32. BAE denies Paragraph 32.

33. BAE denies Paragraph 33.

34. BAE denies Paragraph 34.

35. BAE denies Paragraph 35.

36. BAE denies the first sentence of Paragraph 36. BAE admits all other allegations of Paragraph 36.

37. BAE denies Paragraph 37.

38. BAE lacks sufficient knowledge or information to admit or deny Paragraph 38 and, therefore, leaves Plaintiff to its proof.

39. BAE lacks sufficient knowledge or information to admit or deny Paragraph 39 and, therefore, leaves Plaintiff to its proof.

40. Paragraph 40 is admitted.

41. BAE denies Paragraph 41.

42. Paragraph 42 is admitted.

43. BAE denies Paragraph 43. BAE's NPDES Permit speaks for itself and Plaintiff's quotation of it is incomplete.

44. BAE denies Paragraph 44. BAE's NPDES Permit speaks for itself and Plaintiff's quotation of it is incomplete.

45. BAE denies Paragraph 45. BAE's NPDES Permit speaks for itself and Plaintiff's quotation of it is incomplete.

46. BAE denies Paragraph 46. BAE's NPDES Permit speaks for itself and Plaintiff's quotation of it is incomplete.

47. BAE denies Paragraph 47. BAE's NPDES Permit speaks for itself and Plaintiff's quotation of it is incomplete.

48. BAE denies Paragraph 48. BAE's NPDES Permit speaks for itself and Plaintiff's quotation of it is incomplete.

49. BAE denies Paragraph 49. BAE's NPDES Permit speaks for itself and Plaintiff's quotation of it is incomplete.

50. BAE denies Paragraph 50.

51. BAE denies Paragraph 51.

52. BAE denies Paragraph 52.

53. BAE denies Paragraph 53.

## CLAIMS

**COUNT 1: VIOLATION OF THE TERMS OF NPDES PERMIT NO. TN0003671 IN VIOLATION OF THE CLEAN WATER ACT**

54. BAE's responses to Paragraphs 1-53 of the Second Amended Complaint are reasserted and incorporated by reference herein.

55. BAE denies Paragraph 55.

56. BAE denies Paragraph 56.

57. BAE denies Paragraph 57.

58. BAE denies Paragraph 58.

59. BAE denies Paragraph 59.

60. BAE denies Paragraph 60.

61. BAE denies Paragraph 61.

62. BAE denies Paragraph 62.

63. BAE denies Paragraph 63.

**COUNT 2: VIOLATION OF THE TERMS OF TMSP NO. TNR053962 IN VIOLATION OF THE CLEAN WATER ACT**

64. BAE's responses to Paragraphs 1-63 of the Complaint are reasserted and incorporated by reference herein.

65. BAE denies Paragraph 65.

66. BAE denies Paragraph 66.

67. BAE denies Paragraph 67.

68. BAE denies Paragraph 68.

69. BAE denies Paragraph 69.

**COUNT 3: DISCHARGE OF POLLUTANTS TO SURFACE WATERS WITHOUT AN NPDES PERMIT IN VIOLATION OF THE CWA**

70. BAE's responses to Paragraphs 1-69 of the Complaint are reasserted and incorporated by reference herein.

71. BAE denies Paragraph 71.

72. BAE denies Paragraph 72.

73. BAE denies Paragraph 73.

74. BAE denies Paragraph 74.

75. BAE denies Paragraph 75.

76. BAE denies Paragraph 76.

**AFFIRMATIVE DEFENSES**

Now having fully answered, pursuant to Rule 8 of the Federal Rules of Civil Procedure, BAE hereby pleads its affirmative defenses in this action:

1. The Court lacks jurisdiction to hear Plaintiff's claims, and Plaintiff's claims are otherwise barred, because Plaintiff lacks standing.

2. The Court lacks jurisdiction to hear Plaintiff's claims, and Plaintiff's claims are otherwise barred, because none of the alleged unlawful conduct was ongoing as of the time that Plaintiff filed its Complaint or the alleged violations complained of by Plaintiff are wholly in the past and are not likely to reoccur.

3. The Court lacks jurisdiction to hear Plaintiff's claims, and Plaintiff's claims are otherwise barred, because Plaintiff has failed to comply with the prerequisites for proper and adequate notice as set forth in Section 505(b)(1)(A) of the CWA, 33 U.S.C. § 1365(b)(1)(A), and 40 C.F.R. § 135.3(a).

4. The Court lacks jurisdiction to hear Plaintiff's claims, and Plaintiff's claims are otherwise barred, to the extent that such claims constitute a collateral attack on the provisions of BAE's NPDES Permit No. TN0003671.

5. The Court lacks jurisdiction to hear Plaintiff's claims, and Plaintiff's claims are otherwise barred, because such claims are moot.

6. Plaintiff's claims are barred, in whole or in part, because BAE has complied with its NPDES Permit and applicable law.

7. Plaintiff's claims are barred, in whole or part, by the permit shield provisions of the CWA, 33 U.S.C. § 1342(k).

8. Plaintiff is not entitled to the injunctive and/or declaratory relief sought in the Complaint.

9. BAE relies upon any defenses to which it may be entitled under any applicable state or federal law or regulation, including but not limited to upset and bypass, as may be proven applicable by investigation and discovery.

10. BAE relies upon all applicable statutes of limitation if proven applicable by investigation and discovery.

11. BAE relies upon the doctrines of estoppel, laches, and waiver to the extent applicable to the facts of this cause.

12. BAE reserves the right to seek leave to amend this Answer to add any additional defenses, denials, and claims merited by its further investigation and discovery.

## RELIEF REQUESTED

WHEREFORE, BAE respectfully requests that the Court deny Plaintiff's prayer for relief in its entirety, dismiss Plaintiff's Complaint with prejudice, and award judgment in favor of BAE and against Plaintiff, together with litigation costs and other costs of suit, including attorneys' fees, witness fees and interest, and other such relief, legal or equitable, as the Court deems appropriate.

Respectfully submitted,
**BAE SYSTEMS ORDNANCE SYSTEMS, INC.**

/s/ Michael K. Stagg
Michael K. Stagg (BPR # 017159)
Lauran M. Sturm (BPR # 030828)
Waller Lansden Dortch & Davis, LLP
511 Union Street, Suite 2700
Nashville, TN 37219
Telephone: (615) 244-6380
Email: michael.stagg@wallerlaw.com
Email: lauran.sturm@wallerlaw.com

*Attorneys for Defendant*
*BAE Systems Ordnance Systems, Inc.*

Dated: December 15, 2014

**CERTIFICATE OF SERVICE**

      I hereby certify that on December 15, 2014, a copy of the foregoing Answer and Affirmative Defenses to Plaintiff's Complaint was filed via the Court's electronic filing system, which will send notice of such filing to counsel of record, as noted below.

Stephanie D. Matheny
Tennessee Clean Water Network
P.O. Box 1521
Knoxville, TN 37901
stephanie@tcwn.org

Gary A. Davis
James S. Whitlock
Davis & Whitlock, P.C.
21 Battery Park Avenue, Suite 206
Asheville, NC 28801
gadavis@enviroattorney.com
jwhitlock@enviroattorney.com

Samara M. Spence
U.S. Department of Justice
519 Rittenhouse Street, NW
Washington, DC 20011
Samara.spence@usdoj.gov

                                                /s/ Michael K, Stagg